**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4181**
_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MIRZA KUNJUNDZIC, a/k/a Mirza Kujundzic,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:10-cr-00639-PJM-2)

_____

Submitted: December 16, 2014       Decided: December 23, 2014

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant. James Andrew Crowell, IV, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mirza Kunjundzic appeals his conviction and sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c). The Government agreed to dismiss additional charges, and the parties agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a sentence of 180 months in prison was the appropriate disposition of the case. The district court accepted the plea agreement and imposed the agreed-upon sentence. Kunjundzic's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issues of whether the district court plainly erred under Fed. R. Crim. P. 11 in accepting Kunjundzic's guilty plea, and whether his appellate waiver is valid. Kunjundzic has filed a pro se supplemental brief raising additional issues. We affirm.

Counsel first questions whether the district court plainly erred under Rule 11 in accepting Kunjundzic's guilty plea, but he concludes there was no plain error. In his pro se supplemental brief, Kunjundzic contends that his guilty plea was not voluntary since it was entered to avoid a longer sentence.

2

"In order for a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "It must reflect a voluntary and intelligent choice among the alternative choices of action open to the defendant." Id. (citation and internal quotations omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Id. (citation and internal quotations omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). A guilty plea may be knowingly and intelligently made based on information received before the plea hearing. See

3

id.; see also Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (trial court may rely on counsel's assurance that the defendant was properly informed of the elements of the crime).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

When a defendant does not seek to withdraw his guilty plea in the district court, we review any claims that the court erred at his guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002). It is the defendant's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that we should exercise our discretion to notice the error. See id. at 529, 532. To show prejudice, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

We have reviewed the record and conclude that Kunjundzic fails to show any plain error by the district court,

4

and his guilty plea was knowing and voluntary based on a totality of the circumstances. Kunjundzic's guilty plea was not rendered involuntary merely because it was entered to obtain the dismissal of charges and to avoid a longer prison sentence. See Bordenkircher v. Hayes, 434 U.S. 357, 363-65 (1978). He received a substantial benefit from his plea agreement, because the Government dismissed additional charges and he was sentenced below his Guidelines range to the mandatory minimum sentence. His decision to plead guilty was a voluntary and intelligent choice among the alternative choices of action open to him.

Counsel next questions whether Kunjundzic's appeal waiver is valid. "Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotations omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo, and we "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. (citing Blick, 408 F.3d at 168). While the validity of an appeal waiver often depends on the adequacy of

the plea colloquy, the issue ultimately depends on the totality of the circumstances. <u>Blick</u>, 408 F.3d at 169.

We have reviewed the plea agreement and the Rule 11 hearing, and we conclude that Kunjundzic's appellate waiver was knowing and voluntary.[*] The district court questioned Kunjundzic concerning the waiver, and Kunjundzic confirmed his agreement. However, because the Government has not moved to dismiss the appeal, we decline to enforce the waiver in this appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] Additionally, we have reviewed the other issues contained in Kunjundzic's pro se supplemental brief, and we conclude that those issues are without merit.

6

before the court and argument would not aid the decisional process.

AFFIRMED